SAMUEL H. ORDWAY, Appellant, *v.* TIMOTHY A. LEARY, as President Justice of the Municipal Court of the City of New York, and Others, Respondents.

First Department, December 28, 1928.

⊢ *H. Eliot Kaplan* of counsel [*Albert de Roode* with him on the brief; *H. Eliot Kaplan,* attorney], for the appellant.

· *R. Emmet Digney,* for the respondent Timothy A. Leary, as president justice of the Municipal Court of the City of New York.

*Elliot S. Benedict* of counsel [*William E. C. Mayer* and *J. Joseph Lilly* with him on the brief; *George P. Nicholson, Corporation Counsel,* attorney], for the respondents Abraham Kaplan and others.

MARTIN, J.   This is a taxpayer's action seeking an injunction to restrain the president justice of the Municipal Court from commanding and directing certain persons to perform the duties of assistant clerks of the Municipal Court of the City of New York, and also to restrain and enjoin the payment of their salaries by the city of New York.

They were appointed to the position of clerk to a justice of the Municipal Court. It is alleged that instead of acting as such clerks they have by direction of the president justice performed the duties of assistant clerks of the Municipal Court, although they were not appointed from the civil service list.

The right to make such appointments is sought to be sustained under section 1373 of the Greater New York Charter, which, as amended by chapter 145 of the Laws of 1923, reads: " The clerks, deputy clerks and assistant clerks, stenographers, interpreters, attendants and other employees of the Municipal Court of the City of New York in office when this act takes effect shall continue to hold office for the remainder of the respective terms for which they were appointed.   *   *   *   The board of estimate and apportionment shall, on the recommendation of the board of justices, prescribe the number of assistant clerks, stenographers, interpreters, attendants and other employees of the said court for each borough and shall fix their respective salaries, except as herein specifically provided."

Similar appointments were made in January, 1927. The posi-

tions were, under the rules and classifications of the municipal civil service commission, competitive, and an eligible list therefor was in existence. The persons so appointed were not on the list. The appointments were revoked and the employment discontinued on or about January 31, 1927, after the municipal civil service commission notified the president justice of the Municipal Court that the appointments were in violation of the civil service rules.

On March 31, 1927, the board of estimate and apportionment adopted a resolution modifying the personal service schedule contained in the budget for 1927, which resolution amended the provision appropriating the sum of $30,000 for ten additional temporary assistant clerks of the Municipal Court by changing it to read " Clerk to Justice — 10 at $3,000."

That sum was appropriated and the president justice redesignated the clerks as clerks to the justices.

A similar resolution was adopted by the board of aldermen on the 5th of April, 1927..

Such positions may be created only by law. The president justice has no power to designate persons thereto in the absence of statutory authority. The Legislature has not authorized any such appointments and the charter provisions do not give any such authority.

There being no power to make the appointments and no defense to the action, the plaintiff is entitled to judgment on the pleadings.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., FINCH, MCAVOY and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.